**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

| | |
|---|---|
| CARL EDWARD WILLIS,<br>ADC # 134185<br>    Petitioner,<br>v.<br><br>RAY HOBBS, Director,<br>Arkansas Department of Correction<br>    Respondent. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)    **Case No. 5:12-CV-00040 KGB-JTK** |

## PROPOSED FINDINGS AND RECOMMENDATIONS

### Instructions

The following recommended disposition has been sent to United States District Court Judge Kristine G. Baker.   Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.      The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## Disposition

BEFORE THE COURT is the Petition for Writ of Habeas Corpus filed by Carl Edward Willis (Doc. No. 2).  A response was filed by Respondent Ray Hobbs on February 28, 2012 (Doc. No. 7).  Petitioner did not file a reply.  After reviewing the parties' briefing and the available evidence, the Court finds that Petitioner's claims should be DISMISSED.

## Background

Petitioner represented himself and was convicted by a jury of second-degree sexual assault on July 14, 2006, and he was sentenced to 180 months' imprisonment.  He directly appealed his conviction to the Court of Appeals with arguments that evidence of prior bad acts was improperly admitted, the trial judge improperly asked questions of a minor witness during trial, and the evidence was insufficient to support the verdict.  His appeal was denied because the court found that these issues were not preserved for appeal. *Willis v. State*, 2007 WL 2660245

(Ark. App. Sept. 12, 2007).

Petitioner subsequently filed a *pro se* petition for postconviction relief under Rule 37 of the Arkansas Rules of Criminal Procedure on November 28, 2007, but it was denied as meritless on December 3, 2007.   He then unsuccessfully attempted to appeal that decision to the Arkansas Supreme Court.   Although he filed a timely notice of appeal, his petition was dismissed on January 27, 2011, because he failed to perfect that appeal by seeking pauper status in a timely manner.

In October 2009, Petitioner sought a ruling from the Arkansas Supreme Court that the Sebastian County Circuit Clerk failed to provide him with certain certified documents, but the court lacked jurisdiction to consider such claims. *Willis v. Circuit Clerk of Sebastian County*, 2009 WL 3400635 (Ark. Oct. 22, 2009).   He also sought a writ of mandamus against the trial judge, but it was denied on March 3, 2011.

On October 28, 2010, Petitioner filed a state habeas corpus petition, but it was dismissed on February 1, 2011, because it did not raise any cognizable grounds.   His subsequent appeal to the Arkansas Supreme Court was also dismissed.

**Discussion**

Petitioner requests relief pursuant to 28 U.S.C. § 2254, arguing that 1) he is actually innocent, 2) he was tried twice in violation of the Double Jeopardy Clause, 3) he was not competent to stand trial or represent himself, 4) he was forced to represent himself, 5) he was denied a speedy trial, 6) he was denied his due process rights to be notified of the date and time for trial, 7) he was denied effective assistance of counsel in multiple ways, 8) he was not given the chance to have his witnesses present at trial, 9) the prosecutor failed to provide him with full discovery, and 10) stand-by counsel improperly mentioned his prior conviction and argued with

him during trial.   Respondent contends that Petitioner's claims are time barred, procedurally defaulted, and without merit.

Section 2244 requires state habeas petitioners to file their petitions within one year of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).  Petitioner's appeal was denied by the Arkansas Court of Appeals on September 12, 2007, and the limitations period began to run on October 1, 2007.[1]   It continued to run for 57 days until he filed his Rule 37 petition on November 27, 2007.  However, the circuit court denied his petition on December 3, 2007, so the limitations period started to run again on December 4, 2007.

Petitioner's failure to seek pauper status in a timely manner during his attempted appeal to the Arkansas Supreme Court means the limitations period was not tolled.  Only a properly filed application for state collateral review will toll the limitations period. *See* 28 U.S.C. § 2244(d)(2); *Artuz v. Bennett*, 531 U.S. 4, 8, 121 S. Ct. 361, 364, 148 L. Ed. 2d 213 (2000) (listing rules that govern "the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and *the requisite filing fee*" as common examples of rules governing whether an application is properly filed) (emphasis added); *Evans v. Chavis*, 546 U.S. 189, 191 (2006) ("The time that an application for state postconviction review is 'pending' includes the period between (1) a lower court's adverse determination, and (2) the

---

[1] *See Gonzalez v. Thaler*, 132 S. Ct. 641, 656 (2012) ("[W]ith respect to a state prisoner who does not seek review in a State's highest court, the judgment becomes 'final' under § 2244(d)(1)(A) when the time for seeking such review expires."); *Parmley v. Norris*, 586 F.3d 1066, 1070 (8th Cir. 2009) ("[T]he Arkansas Supreme Court-not the Court of Appeals-is the 'court of last resort' in Arkansas."); Ark. Sup. Ct. R. 2-4(a) ("A petition to the Supreme Court for review of a decision of the Court of Appeals must be in writing and must be filed within 18 calendar days from the date of the decision, regardless of whether a petition for rehearing is filed with the Court of Appeals."); Fed. R. Civ. P. 6(a)(1)(A) (excluding from the time computation the day of the event that triggers the time period).

prisoner's filing of a notice of appeal, *provided that* the filing of the notice of appeal is timely under state law."). Thus, the limitations period expired on October 6, 2008, and his October 28, 2010 state habeas petition could not resurrect it.

There is no reason to believe that equitable tolling would be appropriate. *See Kreutzer v. Bowersox*, 231 F.3d 460, 463 (8th Cir. 2000) ("Equitable tolling is proper only when extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time."). Petitioner has failed to provide any reasons why the Court would be able to consider his claims. Accordingly, the Court finds that the Petitioner's claims are time barred.

Petitioner's claims are also procedurally barred because he failed to present them to the state courts. A habeas petitioner who cannot present his federal claims in state court due to untimeliness or some other state procedural hurdle meets the technical requirements for exhaustion because there are no longer any state remedies that are available to him. *Grass v. Reitz*, 643 F.3d 579, 584 (8th Cir. 2011) (citing *Coleman v. Thompson*, 501 U.S. 722, 732 (1991)). "However, that petitioner's procedural default may constitute an 'independent and adequate state ground' barring federal habeas relief absent a showing of either cause and prejudice or actual innocence." *Id.* (internal citations omitted). "[W]e ask not only whether a prisoner has exhausted his state remedies, but also whether he has *properly* exhausted those remedies, *i.e.,* whether he has fairly presented his claims to the state courts." *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999). To meet this fair presentation requirement, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *Id.* at 845. "A failure to exhaust remedies properly in accordance with state procedure results in procedural default of the

prisoner's claims." *Welch v. Lund*, 616 F.3d 756, 758 (8th Cir. 2010) (citing *O'Sullivan*, 526 U.S. at 848).

Petitioner did not present his current claims to Arkansas courts through direct appeal or a complete round of postconviction review, and the time for doing so has expired.  Thus, his procedural default bars federal consideration of his claim unless he can 1) show cause for the defaults and actual prejudice as a result of the alleged constitutional violations or 2) demonstrate that failure to consider these claims will result in a fundamental miscarriage of justice. *Murphy v. King*, 652 F.3d 845, 850 (8th Cir. 2011).  It does not appear that Petitioner has offered any arguments regarding his procedural default.

With respect to Petitioner's claims of ineffective assistance of counsel, the Eighth Circuit has held that "*Martinez* does not apply here, because Arkansas does not bar a defendant from raising claims of ineffective assistance of trial counsel on direct appeal. Arkansas law permitted [Petitioner] to raise a claim of ineffective assistance in a motion for new trial and on direct appeal." *Dansby v. Norris*, 682 F.3d 711, 729 (8th Cir. 2012).  It seems quite possible that the Supreme Court's recent decision in *Trevino v. Thaler*, 133 S. Ct. 1911 (2013), may mean that many Arkansas petitioners could have procedural defaults excused for ineffective assistance claims.  However, the Court finds no merit to Petitioner's claims, and any analysis of *Trevino* would merely be dicta because his claims are time barred.

To the extent that Petitioner argues that he is actually innocent, his argument fails.  To fall within the fundamental-miscarriage-of-justice exception, 'a habeas petitioner [must] present new evidence that affirmatively demonstrates that he is innocent of the crime for which he was convicted.'" *Murphy*, 652 F.3d at 850 (quoting *Abdi v. Hatch*, 450 F.3d 334, 338 (8th Cir. 2006)).  Petitioner merely argues that he was guilty of second-degree battery (rather than first-

degree) because he did not use any weapons during his fight with two correctional officers.  This is not new evidence.   Accordingly, Petitioner's claim is procedurally barred from federal consideration.

IT IS THEREFORE ORDERED that Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. No. 2) be, and it is hereby, dismissed, with prejudice.  The relief prayed for is DENIED.

The Court will not issue a certificate of appealability because Petitioner has not made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(1)-(2).

SO ORDERED this 13th day of June, 2013.

_____
United States Magistrate Judge